JOHNSON, C J.,
dissents and assigns reasons.
I would deny the State’s writ application. In my view, the state lacked reasonable suspicion to detain the Defendant, Jody Butler. I believe that the Court of Appeal was correct in its review of the State’s evidence and correctly applied the principles set forth in State v. Porche, 06-0312, p. 6 (La.11/29/06), 943 So.2d 335, 338-39, State v. Boyer, 07-0476, p. 20 (La.10/16/07), 967 So.2d 458, 471, Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968), and its progeny, before reversing Mr. Butler’s adjudication.
When Officer Goines ordered the defendant to stop and put his hands in the air, Mr. Butler was seized for Fourth Amendment purposes. The officers did not witness an exchange, nor any criminal activity, crime in progress, or other furtive conduct when they first observed Mr. Butler at the passenger side window of the SUV. It was the driver of that vehicle who fled at the approach of the police. Mr. Butler merely gave a startled look at the caravan of patrol units and then got on his bicycle to ride away. Mr. Butler was otherwise unknown to the officers and they had no specific reports of criminal activity in the area. The officers thus lacked reasonable suspicion to detain Mr. Butler. Moreover, Officer Goines lacked a reasonable, objective, and particularized basis for conducting a self-protective frisk of Mr. Butler for weapons. State v. Boyer, 07-0476, p. 20 (La.10/16/07), 967 So.2d 458, 471 (“The relevant question is not whether the police officer subjectively believes he is in danger or whether he articulates that subjective belief in his testimony at a suppression hearing ... [but whether] a reasonably prudent person in the circumstances would be warranted in the belief that his safety or that of other[s] was in danger.”) (citing Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)).
The state’s argument in brief was that the officers had probable cause to arrest Mr. Butler for violating a municipal ordinance prohibiting the riding of bicycles on a public sidewalk. Neither Officer Goines nor his partner offered that rationale at the suppression hearing in the trial court, and the state did not argue it as a basis for upholding the stop. The court of appeal therefore declined to “consider issues raised for the first time on appeal.” State v. Butler, 11-0985, p. 11, n. 2 (La.App. 4 Cir. 10/3/12), 101 So.3d 121, 129. The court of appeal properly found in the present case that the tactics employed by the New Orleans police exemplified concerns expressed by the U.S. Justice Department, and conceded by the City of New Orleans, as to whether officers “have been adequately trained regarding the constitutional boundaries of search and seizure.” Id., 11-0985, p. 14,101 So.3d 121 (citing United States Department of Justice, Investiga *91 tion of the New Orleans Police Department (3/26/2011)).[1]

. Investigation of the New Orleans Police Department, U. S Department of Justice, Civil Rights Division, (March 16, 2011). A copy can be found on the U.S. Department of Justice website: http:/www.justice.gov/crl/about/ spVnopd_report.pdf